UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br>STEVEN WOODROW NORIYUKI,<br>　　　　　Debtor.<br><br>GARY L. RAINSDON, as Trustee of the Bankruptcy Estate of STEVE WOODROW NORIYUKI,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>STEVEN WOODROW NORIYUKI; STEVEN CRAIG NORIYUKI; JOY BARON; STEVEN CRAIG NORIYUKI, as Trustee of the WHITERUN REVOCABLE TRUST; GARY NORIYUKI; DONNA NORIYUKI; BRIGHTLINE HOLDINGS, LLC., a limited liability company, and CSB HOLDINGS 329, LLC, a limited liability company,<br><br>　　　　　Defendants. | Case No. 4:25-cv-00421-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Defendant CSB Holdings 329, LLC's Motion to

Withdraw the Reference (Dkt. 1). CSB Holdings asks the Court to withdraw the

MEMORANDUM DECISION & ORDER - 1

reference of the adversary proceeding. The Court will grant the motion, though it will defer withdrawal until the bankruptcy court certifies that the proceeding is ready for trial.

## BACKGROUND

In January 2020, Defendant/Debtor Steven Woodrow Noriyuki filed a Chapter 7 bankruptcy petition. *See In re Noriyuki*, No. 20-40087-NGH (Bankr. D. Idaho). The Chapter 7 Trustee later brought this adversary proceeding against the debtor, his family members, and various entities, including the moving defendant here, CSB Holdings.

The adversary complaint focuses on a home in Minidoka County, Idaho. The Trustee alleges that the Debtor purchased the real property in early 2018 and, shortly thereafter, contracted with a third party to build a home on the property. Construction began in October 2018 and was completed in September 2020. The Debtor titled the property in his son's name and, later, in the name of trusts and LLCs controlled by family members. The Trustee alleges that notwithstanding these transfers, the Debtor retained possession and control of the property. The Trustee seeks to avoid various transfers under 11 U.S.C. §§ 544, 548, 549 and Idaho's Uniform Fraudulent Transfer Act. He pleads 15 claims for relief, three of which are alleged against CSB Holdings, as follows:

(1) In the 10th claim for relief, the Trustee seeks avoidance of a deed of trust

recorded in February 2022 in favor of CSB Holdings, securing an obligation of approximately $329,000. The Trustee alleges that this lien was granted without authorization while the bankruptcy was pending and thus constitutes an unauthorized post-petition transfer of estate property. This claim is brought under 11 U.S.C. § 549.

(2) In the 11th claim for relief, the Trustee challenges a May 2024 deed in lieu of foreclosure executed by Brightline Holdings, LLC in favor of CSB Holdings. The Trustee seeks to avoid this post-petition transfer under 11 U.S.C. § 549.

(3) In the 12th claim for relief, the Trustee alleges that the same deed-in-lieu constituted a fraudulent transfer under Idaho's Uniform Fraudulent Transfer Act and seeks avoidance pursuant to 11 U.S.C. §§ 544(b) and 550. This claim is pled as a state-law fraudulent-transfer claim, incorporated into the bankruptcy proceeding by 11 U.S.C. § 544(b).

CSB Holdings asks the Court to withdraw the reference as to the entire adversary proceeding—not just the three claims alleged against it.

## ANALYSIS

Federal district courts have original jurisdiction over cases arising under the Bankruptcy Code. 28 U.S.C. § 1334(a). This Court has exercised its authority under 28 U.S.C. § 157(a) to refer all bankruptcy matters to the district's

bankruptcy judges. *See June 5, 2019 General Order No. 349.* Nevertheless, under 28 U.S.C. § 157(d), this reference is subject to mandatory or permissive withdrawal, depending on the circumstances. *See* 28 U.S.C. § 157(d). Section 157(d) reads as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

CSB Holdings seeks permissive withdrawal. The withdrawal statute just cited, 28 U.S.C. § 157(d), does not specify what is necessary to show "cause" for permissive withdrawal, but courts have identified a variety of factors that may be considered, including: (1) the efficient use of judicial resources; (2) delay and costs to the parties; (3) uniformity of bankruptcy administration, (4) prevention of forum shopping; and (5) other related factors. *Security Farms v. Int'l Brotherhood of Teamsters,* 124 F.3d 999, 1008 (9th Cir. 1997). "Other related factors" could include whether the issues are core or non-core proceedings, as well as the right to a jury trial. *See Rosenberg v. Brookstein*, 479 B.R. 584, 587 (D. Nev. 2012) (citation omitted).

The Court begins by observing that the three claims alleged against CSB

**MEMORANDUM DECISION & ORDER - 4**

Holdings are all statutorily defined as "core" proceedings. *See* 28 U.S.C. § 157(b)(2)(A), (E), (H). Congress has empowered bankruptcy courts to enter a final judgment on such claims. *See* 28 U.S.C. § 157(b)(1). But after the Supreme Court's decision in *Stern v. Marshall,* 564 U.S. 462 (2011), the Ninth Circuit held that bankruptcy courts lack the constitutional authority to enter final judgments on state-law fraudulent conveyance claims pursued under 11 U.S.C. § 544(b). *See In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553 (9th Cir. 2012), *aff'd sub nom Exec. Benefits Ins. Agency v. Arkison,* 573 U.S. 25 ("fraudulent conveyance claims . . . cannot be adjudicated by non-Article III judges."). For that reason, although the 12th claim is statutorily core, the bankruptcy court is not constitutionally empowered to enter final judgment on it.[1]

But this does not mean the Court must immediately withdraw the reference. Rather, it is permissible for the bankruptcy court to handle all preliminary matters up to the point of trial. *Cf. Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 787 (9th Cir. 2007) ("a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up

---

[1] The Court is not persuaded by the Trustee's argument that because the three claims alleged against CSB Holdings are "inextricably intertwined," the Court must treat all claims as "core" claim that the bankruptcy court is empowered to decide. That approach cannot logically survive *Stern*, and the Trustee has not cited any post-*Stern* cases adopting this approach. *Cf. In re Electronic Machinery Enterprises, Inc.*, 474 B.R. 778, 782 (M.D. Fla. 2012) (rejecting the notion that, post-*Stern*, a non-core claim is able to transmogrify into a core claim based on the "inextricably intertwined" theory, observing that such a theory "seems unsustainable, especially after *Stern*, and the many cases that adumbrate *Stern*").

**MEMORANDUM DECISION & ORDER - 5**

jurisdiction" and transfer the case to district court). In fact, the Supreme Court has clarified that so-called "*Stern* claims may comfortably proceed under the procedure set forth in 28 U.S.C. § 157(c)(1). *See Executive Benefits Ins. Agency v. Arkison,* 573 U.S. 25 (2014). Section 157(c)(1), in turn, provides as follows:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

In this case, then, the bankruptcy court may "hear" the Trustee's "Stern" claim alleged against CSB Holdings and then submit proposed findings of fact and conclusions of law to the district court. CSB Holdings acknowledged the propriety of this procedure in its motion; it recognized that "the District Court may decline, until shortly before trial, to withdraw the reference, . . . ." *Motion,* Dkt. 1, at 2.

Under these circumstances, the Court will not withdraw the reference at this time. Instead—after having considered the other factors outlined above (efficiency; cost; delay; uniformity; forum shopping),[2] the Court has determined that best path forward is as follows: Although the Trustee alleges just three claims against the

---

[2] In its motion, CSB Holdings asserted that its right to a jury trial was one of the reasons the Court should withdraw the reference. The Court will not address that issue, however, since CSB Holdings later acknowledged that it did not timely demand a jury trial. *See Reply,* Dkt. 3, at 2 ("CBS concedes there is no request for [a] jury trial, . . . .").

**MEMORANDUM DECISION & ORDER - 6**

moving defendant CSB Holdings, the Court has determined that all 15 claims alleged in the adversary complaint should travel together and be treated similarly. Most significantly, all claims are built around the same factual core. Peeling off the claims alleged against CSB Holdings would be inefficient, potentially duplicative, and such an approach could raise issue-preclusion or res-judicata concerns. The more practical approach, then, is to let all the claims travel together for purposes of withdrawing the reference. Accordingly, the reference to the claims alleged in the adversary complaint will be withdrawn when the bankruptcy court certifies that they are ready for trial. In the meantime, all claims will remain with the bankruptcy court.

## ORDER

For all the foregoing reasons, **IT IS ORDERED that:**

1) Defendant's Motion to Withdraw the Reference (Dkt. 1) is **GRANTED**, although the Court will not immediately withdraw the reference. Instead, the Court will withdraw the reference if and when the bankruptcy court certifies that the claims are ready for trial.

2) The bankruptcy court will preside over all pretrial matters related to the claims asserted in the adversary complaint (including discovery and pretrial conferences) and will resolve routine and non-dispositive motions. If either party files a dispositive motion, the bankruptcy court

will entertain that motion and submit proposed findings of fact, conclusions of law, and a recommendation for disposition to this Court.

3) If and when it becomes clear that a trial will be necessary, and the case is prepared and ready for trial to begin, the bankruptcy court shall so certify to this Court and the reference will be withdrawn at that time.

4) Until the bankruptcy court certifies that this case is ready for trial, the parties shall file all motions and other pleadings in the bankruptcy court.

DATED: September 25, 2025

_____
B. Lynn Winmill
U.S. District Court Judge